## STATE v. TRI-STATE TELEPHONE & TELEGRAPH COMPANY AND OTHERS.[1]

June 19, 1936.

No. 30,909.

[1]Reported in 267 N. W. 489.

*Harry H. Peterson,* Attorney General, *F. A. Pike,* Assistant Attorney General, and *E. W. Reed,* for the State.

*George B. Leonard,* for respondent Commission of Administration and Finance.

*Clarence B. Randall* and *Stearns, Stone & Mackey,* for respondent Tri-State Telephone & Telegraph Company.

PER CURIAM.

Action brought by the state, upon complaint of the attorney general, to enjoin the Tri-State Telephone & Telegraph Company and the Commission of Administration and Finance of this state from entering into a proposed contract for reorganizing and changing the telephone equipment and service furnished by the telephone company for the State Capitol Building, the State Office Building, and the Historical Society Building, all located on the State Capitol grounds.

Plaintiff moved for a temporary injunction to restrain defendants from entering into the contract or proceeding further in the matter during the pendency of the action. From an order denying such motion this appeal was taken.

The arguments and briefs of counsel are largely directed to questions involving the merits of the action. On an appeal from an order denying a motion for a temporary injunction pending determination of the action, this court does not try the merits of the suit or decide disputed questions of law or fact, which are for determination in the first instance by the trial court. There is nothing here to take this appeal out of the general rule that the granting or refusal of such an injunction is within the sound discretion of the trial court and that this court will interfere only on a showing of a clear abuse of discretion. The trial court in its memorandum calls attention to a statement in plaintiff's brief in that court to the effect that the defendant telephone company had stated that it did not propose to proceed further until the issues in the case were determined, and counsel's statement that it almost seemed unneces-

sary, as to that company, to apply for a temporary injunction. If unnecessary as to that company, it was equally unnecessary as to the Commission of Administration and Finance. After the institution of this suit, the refusal of the attorney general to approve the form of contract proposed, and the appeal from the order here involved, it seems apparent that there is no cause to apprehend that defendants intend to or will proceed further in the matter until the suit is finally determined. The trial court did not abuse its discretion in denying the motion, and the order appealed from is affirmed.

Affirmed.

STONE, JUSTICE, took no part in the consideration or decision of this case.

